UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CALUMET SHREVEPORT REFINING LLC | CIVIL ACTION NO. 5:24-0890 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MICHAEL S REGAN, in his official capacity as Administrator of the US Environmental Protection Agency | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court are two motions. Plaintiff Calumet Shreveport Refining LLC ("Calumet") has filed a Motion for Summary Judgment. See Record Document 20. Defendant Michael S. Regan ("Regan"), in his official capacity as Administrator of the United States Environmental Protection Agency ("EPA"), has filed a Cross-Motion for Summary Judgment, which also acts as an opposition to Calumet's Motion for Summary Judgment. See Record Document 29. In response, Calumet filed an opposition to the EPA's Cross-Motion for Summary Judgment, which also serves as a reply to its Motion for Summary Judgment. See Record Document 31. The EPA replied to Calumet's opposition. See Record Document 35. For the reasons stated below, Calumet's Motion for Summary Judgment (Record Document 20) is **GRANTED**. The EPA's Cross-Motion for Summary Judgment (Record Document 29) is **GRANTED IN PART AND DENIED IN PART**.

**BACKGROUND**

Calumet is a small petroleum refinery in Shreveport, Louisiana. See Record Document 1, ¶¶ 1, 2. Calumet submitted a petition for small refinery hardship relief from

compliance with its 2023 Renewable Fuel Standard ("RFS") obligation. See id. at ¶ 19. In its petition, Calumet documented the reasons why RFS compliance for the 2023 compliance year would cause disproportionate economic hardship. See id. The EPA received Calumet's 2023 small refinery hardship petition on December 14, 2023. See id. at ¶ 20. Calumet states that Regan had a non-discretionary duty under the Clean Air Act ("CAA") to act on its petition within 90 days of receipt under 42 U.S.C. § 7545(o)(9)(B)(iii). See id. at ¶ 21. However, Regan failed to perform this non-discretionary duty when he did not act on the petition by March 13, 2024. See id.

The EPA's March 13 deadline to act on Calumet's 2023 hardship petition fell 18 days before the March 31 deadline for obligated parties to demonstrate RFS compliance for 2023. See id. at ¶ 22. Calumet gave notice 60 days before the 90-day statutory decision deadline had run so it would have the opportunity to seek judicial relief before the 2023 compliance deadline. See id. On January 19, 2024, Calumet gave the EPA written notice of its intent to sue Regan in accordance with 42 U.S.C. § 7604(b)(2) and 40 C.F.R. §§ 54.2–54.3. See id. at ¶ 23. Regan did not act on Calumet's 2023 small refinery hardship petition within the 90-day statutory deadline or within 60 days after Calumet's original written notice of its intent to sue. See id. at ¶ 24. Therefore, Calumet brought the instant lawsuit. See id. In its Complaint, Calumet provides two causes of action: (1) 42 U.S.C. § 7604(a) under the CAA and (2) 5 U.S.C. § 706(1) under the Administrative Procedure Act ("APA"). See id. at 7–8.

## LAW AND ANALYSIS

**I. Summary Judgment Standard.**

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56; see also Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 2552–53. (1986). In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party." Deshotel v. Wal-Mart La., L.L.C., 850 F.3d 742, 745 (5th Cir. 2017); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). As such, the party moving for summary judgment bears the burden of demonstrating that there is no genuine issue of material fact as to issues critical to trail that would result in the movant's entitlement to judgment in its favor, including identifying the relevant portions of pleadings and discovery. See Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995). Courts must deny the moving party's motion for summary judgment if the movant fails to meet this burden. See id.

If the movant satisfies its burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." Id. (citing Celotex, 477 U.S. at 323, 106 S. Ct. 2553). In evaluating motions for summary judgment, courts must view all facts in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). There is no

3

genuine issue for trial—and thus, a grant of summary judgment is warranted—when the record as a whole "could not lead a rational trier of fact to find for the moving party…." Id.

**II. Analysis.**

Originally, Calumet moved in October 2024 for summary judgment to compel the EPA to decide its 2023 hardship petition by December 13, 2024. See Record Document 20 at 1. That requested deadline has already passed. Calumet supports its argument with the fact that the EPA has admitted its liability for refusing to timely decide on the hardship petition. See Record Document 20-1 at 7. Additionally, Calumet contends the EPA has had more than enough time to decide Calumet's petition because it is over 200 days late. See id. at 8–9. Calumet submits the EPA's delay has and will continue to harm Calumet for several reasons. See id. at 9. First, the delay has deprived Calumet of an essential and statutorily guaranteed compliance tool. See id. Second, if the EPA had decided the petition on time, Calumet would have known whether it has a RFS obligation for 2023 and might have been able to plan for compliance. See id. at 11. Third, the delay has caused uncertainty for Calumet. See id. at 12.

In its Cross-Motion for Summary Judgment, which also serves as an opposition to Calumet's Motion, the EPA does not dispute liability under 42 U.S.C. § 7604(a), the CAA citizen-suit provision. See Record Document 29 at 1. Rather, the EPA opposes Calumet's requested remedy and asks the Court to order a deadline no earlier than January 30, 2025. See id. The EPA requests a later deadline because of its need to consider recent case law developments related to small refinery exemptions, its need to obtain relevant information to make a reasoned determination, and its resource constraints. See Record Document 29-1 at 9. Additionally, the EPA seeks summary judgment on Calumet's second

cause of action under 5 U.S.C. § 706(1) because the CAA citizen-suit provision provides an adequate remedy. See Record Document 29. The EPA supports its arguments with the Declaration of Byron Bunker, the Director of the Implementation, Analysis and Compliance Division of the Office of Transportation and Air Quality, within the Office of Air and Radiation of the EPA. See Record Document 29-2.

Calumet responds, asserting that the EPA's requested deadline would make it difficult for the Court of Appeals to have time to consider Calumet's case. See Record Document 31 at 1. Furthermore, Calumet argues a January decision from the EPA would cause significant uncertainty about the status of Calumet's 2024 compliance obligation due March 31, 2025. See id. at 1–2. Additionally, the EPA's delay continues to force Calumet to carry significant debt on its books that impacts its credit position. See id. at 2. Calumet does not respond to the EPA's request for summary judgment as to its second cause of action under 5 U.S.C. § 706(1).

In its reply, the EPA reiterates its arguments for a deadline of January 30, 2025. See Record Document 35 at 1. The EPA contends that if it is rushed into a decision, it could reduce the likelihood of the decision withstanding judicial review, which would disserve the public interest and the interest of Calumet and the EPA. See id. at 2. Additionally, the EPA argues that since Calumet does not dispute that the second cause of action under 5 U.S.C. § 706(1) is unavailable, it is entitled to summary judgment. See id. at 5.

With respect to Calumet's first cause of action under 42 U.S.C. § 7604(a) of the CAA, it is undisputed that the EPA violated its statutory obligation to decide Calumet's 2023 hardship petition within 90 days, as required by 42 U.S.C. § 7545(o)(9)(B)(iii). Since

5

the EPA's duty to timely decide this petition is non-discretionary, this Court can compel the EPA "to perform any act or duty under this chapter…." 42 U.S.C. § 7604(a)(2)–(3). The question presented here asks by what date the Court should order the EPA to act. Because the EPA has had the chance to decide on Calumet's 2023 hardship petition for over 200 days but has continuously failed to act, the Court finds that the EPA's arguments to extend its deadline are unpersuasive.[1] Therefore, Calumet's Motion for Summary Judgment is **GRANTED**, and the EPA's Cross-Motion for Summary Judgment is **DENIED**, as to the deadline issue. This Court orders the EPA to decide on Calumet's 2023 hardship petition by January 22, 2025.

With respect to Calumet's second cause of action under 5 U.S.C. § 706 of the APA, the summary judgment record supports a finding of summary judgment in favor of the EPA. Relief under the APA is only available when "there is no other adequate remedy in a court." 5 U.S.C. § 704. Calumet does not dispute that its first cause of action under § 7604(a) of the CAA provides an adequate remedy. The Court agrees that since Calumet has an adequate remedy under its first cause of action, additional relief is improper. Therefore, the EPA's Cross-Motion for Summary Judgment is **GRANTED** as to Calumet's second cause of action under § 706(1) of the APA.

---

[1] The Court notes two district court cases dealing with nearly identical facts, wherein a small refinery filed an action seeking to compel the EPA to act on its hardship petition by December 13, 2024, and the EPA requested a January 30, 2025 deadline. In the United States District Court for the District of Montana, Chief Judge Brian Morris granted Calumet's Motion for Summary Judgment in part and ordered the EPA to comply by January 3, 2025. Calumet Mont. Ref., LLC v. Regan, No. 24-cv-62 (D. Mont.). In the United States District Court for the Southern District of Texas, District Judge Alfred H. Bennett granted the refinery's Motion for Summary Judgment in part and ordered the EPA to comply within 21 days of the entry of the Court's order. Wynnewood Ref. Co., LLC v. Regan, No. 24-cv-02554 (S.D. Tex.).

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Calumet's Motion for Summary Judgment (Record Document 20) is **GRANTED**. The EPA is ordered to decide Calumet's 2023 hardship petition by January 22, 2025.

**IT IS FURTHER ORDERED** that the EPA's Cross-Motion for Summary Judgment (Record Document 29) is **GRANTED IN PART AND DENIED IN PART**. The Cross-Motion is **GRANTED** with respect to Calumet's second cause of action under 5 U.S.C. § 706(1). The Cross-Motion is **DENIED** as to the EPA's requested deadline.

An Order accompanying this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 7th day of January, 2025.

_____
UNITED STATES DISTRICT COURT JUDGE